**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

---

ROBERTO FILEMON LOPEZ MORENO,

Petitioner,

v. No. 1:26-cv-02325-MLG-GJF

GEORGE DEDOS, Warden of the
Cibola County Correctional Center; et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Roberto Filemon Lopez Moreno's verified petition for writ of habeas corpus ("Petition"), filed July 17, 2026. *See* Doc. 1. Lopez Moreno challenges his continued detention without a bond hearing and seeks his immediate release or an individualized bond hearing. Doc. 1 at 2, 13, 19-23. Federal Respondents[1] do not contest the facts presented in the Petition. *See* Doc. 6 at 1. Given these facts, and because there is no indication that Lopez Moreno is being held pursuant to 8 U.S.C. § 1226(c), the Court concludes § 1226(a) governs his detention. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"). Lopez Moreno's detention without a bond hearing therefore constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework

---

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than George Dedos, Warden of the Cibola County Correctional Center.

under Section 1226(a) requires a bond hearing to make an individualized custody determination . . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights.").

In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *see also Sosa v. De Azbarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than a bond hearing); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [the petitioner] has been taken into custody [and erroneously detained under a mandatory detention provision], cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents must immediately release (no later than forty-eight hours from this Order's filing) Lopez Moreno from custody.
2. Upon Lopez Moreno's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained.
3. Respondents must file a status report within three business days of this Order's filing to certify their compliance. The status report shall state when and where Lopez Moreno was released.

4. If Federal Respondents elect to re-detain Lopez Moreno, they are enjoined from detaining him pursuant to 8 U.S.C. § 1225(b)(2)(A).

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA